■ In the Matter of IVAN O., a Person Alleged to be a Juvenile Delinquent, Appellant. [887 NYS2d 850]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated January 6, 2009, which, upon a fact-finding order of the same court dated December 2, 2008, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated December 2, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant failed to preserve for appellate review his contention that the part of the petition alleging menacing in the third degree is facially insufficient because it misidentified the complainant (see CPL 470.05 [2]). In any event, the petition, taken together with the supporting deposition, clearly apprised the appellant of the conduct which is the subject of the accusation (see Matter of Charlene D., 214 AD2d 561, 562 [1995]; Matter of Frederick QQ., 209 AD2d 832, 833 [1994]). The appellant likewise failed to preserve for appellate review his contention that his convictions were not supported by legally sufficient evidence (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Kenyetta F., 49 AD3d 540 [2008]), we find that it was legally sufficient to es-

tablish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted attempted robbery in the second degree, attempted grand larceny in the fourth degree, and menacing in the third degree (*see* Penal Law §§ 110.00, 160.10 [1]; §§ 110.00, 155.30 [5]; § 120.15). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf.* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]). The evidence of the appellant's conduct before, during, and after the acts, established beyond a reasonable doubt that he acted in concert with other assailants to commit the charged acts (*see Matter of Jonathan V.*, 43 AD3d 470 [2007]; *Matter of Justice G.*, 22 AD3d 368 [2005]; *Matter of Joseph J.*, 205 AD2d 777 [1994]; *Matter of Aida S.*, 189 AD2d 818, 819 [1993]). Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.