■ In the Matter of ASHLEY P., a Person Alleged to be a Juvenile Delinquent, Appellant. [903 NYS2d 146]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated April 6, 2009, which, after a hearing, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, and (2) an order of disposition of the same court dated July 6, 2009, which, upon the fact-finding order and after a dispositional hearing, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months under stated terms and conditions.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the finding that the ap-

pellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *Matter of Shaheed W.*, 298 AD2d 204 [2002]; *Matter of Kristie II.*, 252 AD2d 807, 807-808 [1998]; *Matter of Marcel F.*, 233 AD2d 442, 443 [1996]; *People v Thomas*, 215 AD2d 603 [1995]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Christian M.*, 37 AD3d at 834; *Matter of Marcel F.*, 233 AD2d at 443; *People v Thomas*, 215 AD2d at 603-604; *cf. People v Romero*, 7 NY3d 633 [2006]).

The Family Court has broad discretion in determining the proper disposition (*see Matter of Waleek W.*, 40 AD3d 868, 869 [2007]). Here, the Family Court providently exercised its discretion in determining that a period of 12 months probation was the least restrictive alternative consistent with the needs and best interests of the appellant and the need to protect the community (*see Matter of Ashanti B.*, 62 AD3d 790, 791 [2009]; *Matter of Erika R.*, 55 AD3d 740 [2008]; *Matter of Beniquwa D.*, 33 AD3d 420 [2006]; *Matter of Cindy A.*, 31 AD3d 440 [2006]), and in light of the seriousness of the offense and the appellant's school attendance and academic problems (*see Matter of Summer D.*, 67 AD3d 1008, 1009 [2009]; *Matter of Marlon B.*, 51 AD3d 436, 437 [2008]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.