■ In the Matter of JUSTIN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [919 NYS2d 858]—

The appellant has not preserved for appellate review his contention that he was not properly arraigned on the petition alleging his violation of a condition of his term of probation (*see Matter of Nathaniel P.*, 58 AD3d 860, 861 [2009]; *cf. People v Nieves*, 2 NY3d 310, 316 [2004]). In any event, the Family Court complied with the requirements of Family Court Act § 360.3 (2) and (4) applicable to the first appearance following the filing of the petition of violation.

The appellant further contends that the allocution during which he admitted the probation violation was defective. Contrary to this contention, the record establishes that the Family Court advised the appellant of his right to a fact-finding hearing and informed him of the possible specific dispositional orders, after which the appellant voluntarily waived his right to a hearing and voluntarily admitted the allegation in the violation petition, in satisfaction of all statutory requirements (*see* Family Ct Act §§ 321.3, 360.3 [2]; *Matter of William VV.*, 42 AD3d 710, 711-712 [2007]; *Matter of John II.*, 31 AD3d 842, 842-843 [2006]).

The Family Court has broad discretion in determining the appropriate disposition (*see Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *Matter of Waleek W.*, 40 AD3d 868, 869 [2007]), and its determination is accorded great deference (*see Matter of Leonard J.*, 67 AD3d 911, 912 [2009]; *Matter of Michael D.*, 60 AD3d 945 [2009]). Here, the Family Court providently exercised its discretion in placing the appellant in the custody of the Commissioner of Social Services for a period of up to 12 months, and in remanding the appellant to nonsecure detention pending that placement. Under the circumstances of this case, the disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community in light of, inter alia, the appellant's previous violation of a condition of probation and failure to comply with curfew monitoring as well as the recommendations in reports prepared by the probation department, a psychiatrist, and a psychologist (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Isaiah Mc.*, 47 AD3d 717 [2008]; *Matter of Donnell W.*, 36 AD3d 926 [2007]; *Matter of Benjamin J.*, 10 AD3d 608 [2004]). Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.