In the Matter of STEVEN L., Appellant. [926 NYS2d 911]

The appellant failed to preserve for appellate review his

contention regarding the legal sufficiency of the evidence (*see Matter of Trayvond W.*, 71 AD3d 683 [2010]; *Matter of Omar G.*, 38 AD3d 549 [2007]; *cf.* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894 [2000]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), either personally or as an accessory (*see Matter of Juan J.*, 81 NY2d 739, 740-741 [1992]; *Matter of Quamel D.*, 78 AD3d 1050, 1051 [2010]; *Matter of Omar G.*, 38 AD3d 549 [2007]; *Matter of Louis C.*, 6 AD3d 430 [2004]; *Matter of Karriem E.*, 206 AD2d 476 [1994]; *Matter of Aida S.*, 189 AD2d 818 [1993]; *cf.* Penal Law § 20.00). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL § 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant was not deprived of the effective assistance of counsel (*see Matter of Shaheen P.J.*, 29 AD3d 996, 998 [2006]; *cf. People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988]).

In light of our determination, the appellant's remaining contention is academic. Skelos, J.P., Belen, Hall and Roman, JJ., concur.