■ In the Matter of WILLIAM A., JR., a Person Alleged to be a Juvenile Delinquent, Appellant. [933 NYS2d 892]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Steven L.*, 86 AD3d 613, 614 [2011], *lv denied* 17 NY3d 714 [2011]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Steven L.*, 86 AD3d at 614; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination with respect to the counts of sexual abuse in the first degree and course of sexual conduct in the second degree was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

As the presentment agency correctly concedes, the counts of sexual abuse in the second degree and sexual abuse in the third degree should have been dismissed as lesser-included offenses of sexual abuse in the first degree (*see* CPL 1.20 [37]; 300.40 [3] [b]; *Matter of Kenyetta F.*, 49 AD3d 540, 541 [2008]; *Matter of Jaleel H.*, 36 AD3d 808, 809-810 [2007]; *Matter of Edward S.*, 80 AD2d 585, 586 [1981]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.