In the Matter of CHRISTIAN W., a Person Alleged to be a Juvenile Delinquent, Appellant. [937 NYS2d 594]—

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Charles S.*, 41 AD3d 484 [2007]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Imani Mc.*, 78 AD3d 705, 706 [2010]), we find that the evidence was legally sufficient to support the finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of forcible touching (*see* Penal Law § 130.52). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Ashley P.*, 74 AD3d at 1076). The discrepancies and inconsistencies between the then 13-year-old complainant's two sworn statements to the police were not of such a magnitude as to render his account of the incident incredible or unreliable (*see People v Allen*, 89 AD3d 741 [2011]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.