In the Matter of JAMEL C., a Person Alleged to be a Juvenile Delinquent, Appellant. [938 NYS2d 456]

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree (*see* Family Ct Act § 342.2 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord deference to

the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Darnell C.*, 66 AD3d 771 [2009]; *cf. People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). The evidence of the appellant's conduct before, during, and after the acts established, beyond a reasonable doubt, that he acted in concert to commit the charged acts (*see Matter of Geovanny V.*, 82 AD3d 993, 994 [2011]; *Matter of Jamal G.*, 293 AD2d 379, 380 [2002]).

The appellant's remaining contention is without merit. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.