██ In the Matter of FRIDAY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [942 NYS2d 813]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Friday M. appeals from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated June 29, 2011, which, after a hearing, found that he had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and attempted grand larceny in the fourth degree, and (2) an order of disposition of the same court dated August 18, 2011, which, upon the fact-finding order, and after a dispositional hearing, adjudged him to be a juvenile delinquent and conditionally discharged him for a period of 12 months.

Ordered that the appeal from the fact-finding order is

dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Steven L.*, 86 AD3d 613, 613-614 [2011]; *Matter of Ivan O.*, 66 AD3d 904, 905 [2009]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient (*see* Family Ct Act § 342.2 [2]) to support the finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (*see* Penal Law § 160.10 [1]) and attempted grand larceny in the fourth degree (*see* Penal Law §§ 110.00, 155.30 [6]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Steven L.*, 86 AD3d at 614; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Jamel C.*, 92 AD3d 782 [2012]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). The discrepancies and inconsistencies between the then 13-year-old complainant's sworn statement and hearing testimony were not of such a magnitude as to render his account of the incident incredible or unreliable (*see Matter of Christian W.*, 90 AD3d 1062, 1063 [2011]; *People v Allen*, 89 AD3d 741 [2011], *lv denied* 18 NY3d 881 [2012]). Moreover, the evidence of the appellant's conduct before, during, and after the acts established, beyond a reasonable doubt, that he acted in concert to commit the charged acts (*see Matter of Jamel C.*, 92 AD3d at 783; *Matter of Geovanny V.*, 82 AD3d 993, 994 [2011]; *Matter of Jonathan V.*, 43 AD3d 470, 471 [2007]). Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.