In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Paul T. appeals from (1) an order of disposition of the Family Court, Queens County (Lubow, J.), dated April 2, 2012, which, upon a fact-finding order of the same court dated December 8, 2011, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree, and after a dispositional hearing, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months for placement with a residential treatment facility, with credit for time spent in detention pending disposition, and (2) an order of disposition of the same court, also dated April 2, 2012, which, after a hearing, found that he violated conditions of a term of probation previously imposed by the same court in an order dated February 3, 2011, vacated the order dated February 3, 2011, and thereupon placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months for placement with a residential treatment facility.
Ordered that the orders of disposition are affirmed, without costs or disbursements.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Friday M., 94 AD3d 1120, 1121 [2012]; cf. CPL 470.15 [5]; People v Danielson, *727 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Jamel C., 92 AD3d 782, 782-783 [2012]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Matter of Danasia Mc., 94 AD3d 1122, 1124 [2012]; cf. People v Romero, 7 NY3d 633 [2006]).
The Family Court has broad discretion in determining the proper disposition (see Family Ct Act § 141; Matter of Donovan E., 92 AD3d 881, 882 [2012]; Matter of Natasha G., 91 AD3d 948 [2012]), and its determination is accorded great deference (see Matter of Justin A., 82 AD3d 1219, 1220 [2011]; Matter of Leonard J., 67 AD3d 911, 912 [2009]). Here, the Family Court providently exercised its discretion in placing the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months for placement with a residential treatment facility. The record establishes that the disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community (see Family Ct Act § 352.2 [2] [a]), particularly in light of, inter alia, his previous juvenile delinquency adjudication, the violation of the conditions of his probation, his record of truancy, the findings in the mental health services report, and the recommendation in the probation report (see Matter of Donovan E., 92 AD3d at 882; Matter of Day-Shaun A.E., 89 AD3d 1083, 1084 [2011]; Matter of Anthony G., 82 AD3d 1235, 1235 [2011]; Matter of Justin A., 82 AD3d at 1220).
The appellant’s remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.