In the Matter of RACHEAL M., Also Known as RACHEL M., Appellant. [970 NYS2d 249]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Racheal M., also known as Rachel M., appeals from (1) a fact-finding order of the Family Court, Kings County (Olshansky, J.), dated June 26, 2012, made after a hearing, finding that she committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, and (2) an order of disposition of the same court dated August 1, 2012, which, upon the fact-finding order and after a dispositional hearing, adjudged her to be a juvenile delinquent, and placed her on probation for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence of attempted assault in the third degree and criminal possession of stolen property in the fifth degree is unpreserved for appellate review (*see Matter of Kalexis R.*, 79 AD3d 755, 756 [2010]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which if committed by an adult, would have constituted the crimes of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00) and criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Jamel C.*, 92 AD3d 782 [2012]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of George R.*, 104 AD3d 949, 950 [2013]).

The Family Court has broad discretion in determining the appropriate disposition (*see Matter of Justin A.*, 82 AD3d 1219, 1220 [2011]; *Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]). Here, the Family Court providently exercised its discretion in adjudicating the appellant a juvenile delinquent and placing her on probation for a period of 12 months (*see* Family Ct Act § 352.2), rather than directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was her first encounter with the law, or in light of the other mitigating circumstances that she cites (*see Matter of Jesus S.*, 104 AD3d 694, 695 [2013]). The record establishes that the imposition of probation was the least restrictive alternative consistent with the appellant's best interests and the need for protection of the community (*see*

Family Ct Act § 352.2 [2] [a]), particularly in light of, inter alia, the nature of the incident that led to the appellant's adjudication as a juvenile delinquent and the recommendations made in the probation report (see Matter of George R., 104 AD3d at 950).

The appellant was not deprived of the effective assistance of counsel (see Matter of Steven L., 86 AD3d 613, 614 [2011]). Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.