In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Tyrika L. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J), dated October 19, 2012, which, upon a fact-finding order of the same court dated October 10, 2012, made after a hearing, finding that she committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree, obstructing governmental administration in the second degree, and resisting arrest, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order.
*887 Ordered that the order of disposition is affirmed, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d at 793), we find that it is was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree based on a theory of accomplice liability (see Penal Law §§ 20.00, 120.00 [1]). Moreover, upon our independent review of the record, we are satisfied that this determination was not against the weight of the evidence (see Matter of Ashley P., 74 AD3d at 1076). The evidence of the appellant’s conduct before, during, and after the acts established beyond a reasonable doubt that she acted in concert to commit the charged acts (see Matter of Kenyetta F., 49 AD3d 540, 541 [2008]; Matter of Devin R., 254 AD2d 221, 222 [1998]; Matter of Joseph J., 205 AD2d 777, 778 [1994]).
Further, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; cf. People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest (see Penal Law §§ 195.05, 205.30). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ashley P., 74 AD3d 1075, 1076 [2010]). Upon reviewing the record here, we are satisfied that these determinations of the Family Court were not against the weight of the evidence (see Matter of Ashley P., 74 AD3d at 1076; cf. People v Romero, 7 NY3d 633 [2006]). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.