In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Janmalone R. appeals from (1) an order of *834 fact-finding of the Family Court, Kings County (Olshansky, J.), dated January 29, 2013, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, attempted assault in the third degree, and criminal possession of stolen property in the fifth degree, and (2) an order of disposition of the same court dated March 6, 2013, which, upon the order of fact-finding and after a dispositional hearing, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months.
Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed, without costs or disbursements.
The appellant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see Matter of Kalexis R., 79 AD3d 755, 756 [2010]; cf. CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which if committed by an adult, would have constituted the crimes of robbery in the second degree (see Penal Law § 160.10 [1]), grand larceny in the fourth degree (see Penal Law § 155.30 [5]), attempted assault in the third degree (see Penal Law §§ 110.00, 120.00) and criminal possession of stolen property in the fifth degree (see Penal Law § 165.40). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Jamel C., 92 AD3d 782 [2012]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determinations were not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of George R., 104 AD3d 949, 950 [2013]).
The Family Court has broad discretion in determining the appropriate disposition (see Matter of Justin A., 82 AD3d 1219, 1220 [2011]; Matter of Ashley P., 74 AD3d 1075, 1076 [2010]). Here, the Family Court providently exercised its discretion in *835 adjudicating the appellant a juvenile delinquent and placing him on probation for a period of 12 months (see Family Ct Act § 352.2), rather than directing an adjournment in contemplation of dismissal (see Family Ct Act § 315.3). The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was his first encounter with the law, or in light of the other mitigating circumstances that he cites (see Matter of Racheal M., 108 AD3d 770 [2013]; Matter of Jesus S., 104 AD3d 694, 695 [2013]). The record establishes that the imposition of probation was the least restrictive alternative consistent with the appellant’s best interests and the need for protection of the community (see Family Ct Act § 352.2 [2] [a]).
The appellant’s remaining contentions are without merit. Mastro, J.E, Lott, Austin and Hinds-Radix, JJ., concur.