In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Justin D. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated October 24, 2012, which, upon a fact-finding order of the same court dated February 7, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of attempted criminal sexual act in the first degree, sexual abuse in the first degree, rape in the third degree, attempted criminal sexual act in the third degree, sexual misconduct, attempted sexual misconduct, and sexual abuse in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.
*942 Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of attempted sexual misconduct and sexual abuse in the third degree and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.
The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (see Matter of Stanley F., 76 AD3d 1067, 1068 [2010]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, which brings up for review the fact-finding order, has not been rendered academic (see Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212 [1980]; Matter of Stanley F., 76 AD3d at 1068).
The appellant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see Matter of Kalexis R., 79 AD3d 755, 756 [2010]; cf. CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which if committed by an adult, would have constituted the crimes of attempted criminal sexual act in the first degree (see Penal Law §§ 110.00, 130.50 [1]), sexual abuse in the first degree (see Penal Law § 130.65 [1]), rape in the third degree (see Penal Law § 130.25 [3]), attempted criminal sexual act in the third degree (see Penal Law §§ 110.00, 130.40 [3]), sexual misconduct (see Penal Law § 130.20 [1]), attempted sexual misconduct (see Penal Law §§ 110.00, 130.20 [2]), and sexual abuse in the third degree (see Penal Law § 130.55).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (cf. People v Danielson, 9 NY3d 342, 348 [2007]; CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of *943 fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Jamel C., 92 AD3d 782 [2012]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determinations were not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Matter of George R., 104 AD3d 949, 950 [2013]).
However, as the appellant correctly contends, the counts of attempted sexual misconduct and sexual abuse in the third degree should have been dismissed as inclusory concurrent counts of attempted criminal sexual act in the third degree and sexual abuse in the first degree, respectively (cf. CPL 300.30 [4]; 300.40 [3] [b]; see Matter of William A., 90 AD3d 651, 652 [2011]; cf. People v Blackwell, 177 AD2d 952 [1991]). Although these contentions are unpreserved for appellate review, preservation of them “is unnecessary to obtain appropriate relief” (People v Mingo, 66 AD3d 1043, 1044 [2009]; see People v Hammond, 220 AD2d 684, 685 [1995]).
The appellant’s remaining contentions are academic in light of our determination or without merit. Skelos, J.P, Chambers, Hall and Miller, JJ., concur.