■ In the Matter of TORI S., a Person Alleged to be a Juvenile Delinquent, Appellant. [989 NYS2d 616]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Tori S. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated August 21, 2013, which, upon a fact-finding order of the same court dated June 4, 2013, made after a hearing, finding that she committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest, adjudged her to be a juvenile delinquent and, upon her consent, placed her on probation until August 3, 2014. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of Kalexis R.*, 79 AD3d 755, 756 [2010]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest (*see* Penal Law §§ 195.05, 205.30). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Ashley P.*, 74 AD3d at 1076; *cf. People v Romero*, 7 NY3d 633 [2006]). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.