■ In the Matter of JAQUAN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [1 NYS3d 323]—

Appeals from an order of fact-finding of the Family Court, Kings County (Emily M. Olshansky, J.), dated May 20, 2013, and an order of disposition of that court (Michael Ambrosio, J.), dated January 28, 2014. The order of fact-finding found, after a hearing, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. The order of disposition, upon the order of fact-finding and after a dispositional hearing, adjudged the appellant to be a juvenile delinquent and placed him on probation for a period of 18 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, be-

yond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Chakelton M.*, 111 AD3d 732 [2013]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Jamel C.*, 92 AD3d 782, 782 [2012]; *Matter of Clarissa S.*, 83 AD3d 1083, 1084 [2011]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of George R.*, 104 AD3d 949, 950 [2013]). Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur.