■ In the Matter of MARLON C., a Person Alleged to be a Juvenile Delinquent, Appellant. [30 NYS3d 711]—

Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated September 15, 2014. The order adjudicated Marlon C. a juvenile delinquent, upon a fact-finding determination, made after a hearing, that he committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest, and conditionally discharged him for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as conditionally discharged the appellant for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as conditionally discharged the appellant for a period of 12 months must be dismissed as academic, as the period of conditional discharge has expired (*see Matter of Gilberto M.*, 89 AD3d 734 [2011]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding determination, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Shaquary B.*, 110 AD3d 1065 [2013]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest (*see* Penal Law §§ 195.05, 205.30; *Matter*

*of Tori S.*, 119 AD3d 697 [2014]). With respect to obstructing governmental administration in the second degree, it must be "established that the police were engaged in authorized conduct" (*People v Small*, 109 AD3d 842, 843 [2013]; *see People v Lupinacci*, 191 AD2d 589 [1993]). Contrary to the appellant's contention, the testimony adduced at the fact-finding hearing was legally sufficient to establish that the police were engaged in authorized conduct when they arrested his friend, as there was probable cause to arrest his friend for criminal possession of marijuana in the fifth degree (*see* Penal Law § 221.10 [1]; *Matter of Tonay C.*, 119 AD3d 560, 561 [2014]), and that the appellant interfered with that authorized arrest (*see* Penal Law § 195.05; *see also People v Lupinacci*, 191 AD2d at 589). With respect to resisting arrest, the evidence was legally sufficient to establish that the arrest of the appellant was lawful, and that he resisted that lawful arrest (*see* Penal Law § 205.30; *Matter of Tori S.*, 119 AD3d 697 [2014]; *see also People v Stevenson*, 31 NY2d 108, 111 [1972]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Ashley P.*, 74 AD3d 1075, 1076 [2010]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination that the appellant interfered with the arrest of his friend was not against the weight of the evidence (*see Matter of Ashley P.*, 74 AD3d at 1076; *cf. People v Romero*, 7 NY3d 633 [2006]). Hall, J.P., Roman, Cohen and Connolly, JJ., concur.