*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521793
_____

In the Matter of SKYLAR H.,
    Alleged to be a Juvenile
    Delinquent.

ULSTER COUNTY ATTORNEY,                    MEMORANDUM AND ORDER
                    Respondent;

SKYLAR H.,
                    Appellant.
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Joseph M. Ingarra, Kingston, for appellant.

        Beatrice Havranek, County Attorney, Kingston (Kristin A.
Gumaer of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered January 26, 2015, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to adjudicate respondent a juvenile delinquent.

        The victim and respondent were at their high school on
September 12, 2014 and, on that date, the victim was 14 years old
and respondent was 15 years old.  The two had become friendly
and, after wandering the halls of the school, they sat close to
one another in a quiet hallway and exchanged massages.  There is
some dispute as to what transpired next, but the victim recounted
that the two were amiably chatting when respondent abruptly

kissed her, put his hand up her skirt and touched her vagina over her underwear. The victim "pushed [respondent] off and told him no," and left after he attempted to continue. After speaking to her mother later that day, the victim reported the incident to school officials.

An investigation ensued and, in October 2014, respondent was charged in a petition with committing acts that, if committed by an adult, would constitute the crime of forcible touching. Following a fact-finding hearing at which respondent, the victim and others testified, Family Court credited the victim's testimony in full and determined that the charge had been established. Respondent waived a dispositional hearing, and Family Court adjudicated him to be a juvenile delinquent and placed him on probation for one year. Respondent now appeals.

We affirm. Respondent claims that Family Court erred in crediting the testimony of the victim despite proof that there were unspecified inconsistencies between two accounts of the incident she gave to an assistant principal at the school. The fact that inconsistencies exist between prior statements given by the victim does not automatically render her hearing testimony incredible as a matter of law, however, and counsel for respondent made no effort to establish the nature of the inconsistencies or cross-examine the victim regarding them (see Matter of Christian W., 90 AD3d 1062, 1063 [2011]; Matter of Zachary K., 299 AD2d 755, 756 [2002]; Matter of Manuel W., 279 AD2d 662, 662-663 [2001]).[1] Contrary to respondent's contention, Family Court was under no obligation to independently develop the record in that regard, as "it is the function of the judge to protect the record at trial, not to make it" (People v Arnold, 98 NY2d 63, 67 [2002]; accord Matter of Kyle FF., 85 AD3d 1463, 1464

_____

[1] Respondent does not assert that trial counsel – who is also representing him on this appeal – was ineffective in failing to develop the record. Regardless, the silent record here permits nothing but speculation as to whether there was any "strategic or legitimate tactical explanation for counsel's failure to impeach the victim with . . . prior inconsistent statements" (People v Arnold, 85 AD3d 1330, 1333 [2011]).

[2011]).  Family Court, as a result, did not err as a matter of law in finding the victim's testimony to be credible.  Moreover, after reviewing the hearing evidence in a neutral light and according deference to Family Court's assessment of credibility, we cannot say that its determination was against the weight of the evidence (see Matter of Juan P., 114 AD3d 460, 460-462 [2014]; Matter of Narvanda S., 109 AD3d 710, 711-712 [2013]; Matter of Jared WW., 56 AD3d 1009, 1010-1011 [2008]; see also People v Guaman, 22 NY3d 678, 683-684 [2014]).

Respondent also argues that petitioner impermissibly vouched for the victim's credibility by asking Family Court in summation "to credit . . . [her] testimony" because it was "clear" and "consistent."  The record reflects that this issue is unpreserved for our review, as no objections were made to those comments before Family Court (see e.g. People v Fiorino, 130 AD3d 1376, 1380 [2015], lv denied 26 NY3d 1087 [2015]).  In any event, inasmuch as Family Court was the finder of fact and is "presumed capable of rendering dispassionate decisions solely on appropriate legal criteria," the isolated comments by petitioner do not require reversal even assuming that they were made in error (People v Nickel, 14 AD3d 869, 872 [2005], lv denied 4 NY3d 834 [2005]; see People v Shoga, 89 AD3d 1225, 1231 [2011], lv denied 18 NY3d 886 [2012]).

Peters, P.J., Lahtinen, Egan Jr. and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court