People v Jones (2020 NY Slip Op 05774)





People v Jones


2020 NY Slip Op 05774


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-00384
 (Ind. No. 1500/18)

[*1]The People of the State of New York, respondent,
v
Dency Jones, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered December 12, 2018, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In April 2015, several men committed a robbery at a store in Queens while wearing ski masks and gloves and brandishing guns. In addition to stealing money and merchandise from the store, the perpetrators took three store employees and one customer to a back room, forced them to lie face down on the floor, and directed them to empty their pockets.
In September 2015, the defendant was convicted of robbery in the second degree in connection with an unrelated robbery and sentenced to a determinate term of imprisonment of 3½ years. As required by his sentence, the defendant submitted a sample of DNA for inclusion in the New York State DNA Databank. In November 2015, it was discovered that the defendant's DNA was a match to a DNA sample recovered from the April 2015 robbery. In June 2018, after the defendant was released from prison on the unrelated robbery conviction, he was arrested for the April 2015 robbery and indicted in July 2018. In an omnibus motion, the defendant moved, inter alia, to dismiss the indictment on the ground that his due process rights to prompt prosecution and a speedy trial were violated by the prosecution's 31-month delay between discovering the DNA evidence linking him to the April 2015 robbery and his arrest. The Supreme Court denied that branch of the defendant's omnibus motion. The defendant thereafter pleaded guilty to robbery in the first degree and was sentenced.
"The right to 'prompt prosecution' is equated with the constitutional right to a speedy trial" (People v Miller, 83 AD3d 1097, 1097-1098, quoting People v Decker, 13 NY3d 12, 15). "The following factors should be examined in balancing the merits of an assertion that there has been a denial of defendant's right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445). The court must analyze [*2]the same factors when determining whether a defendant has been deprived of his or her due process right to prompt prosecution (see People v Miller, 83 AD3d at 1098).
Although the 31-month delay between the discovery of the DNA evidence linking the defendant to the crime and his arrest was substantial, given the severity of the underlying offense, combined with the fact that the defendant was not incarcerated on the instant charges and did not sustain any prejudice, the defendant was not deprived of due process (see People v Chance, 105 AD3d 758, 758-759; People v Romero, 173 AD2d 654). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to dismiss the indictment based on preindictment delay.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court