People v Wilson (2021 NY Slip Op 50626(U))

[*1]

People v Wilson (Lakisha)

2021 NY Slip Op 50626(U) [72 Misc 3d 129(A)]

Decided on July 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2018-1721 S CR

The People of the State of New York,
Respondent,
against
Lakisha Wilson, Appellant. 

Suffolk County Legal Aid Society (Lisa Marcoccia of counsel), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Toni A.
Bean, J.), rendered July 13, 2018. The judgment convicted defendant, upon a jury verdict, of
obstructing governmental administration in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
Defendant was charged with obstructing governmental administration in the second degree
(Penal Law § 195.05). According to the misdemeanor information, "after her son . . . was
placed under lawful arrest for menacing a police officer with a knife . . . and placed into [a]
marked Suffolk County Police vehicle . . . defendant did open the driver's side rear door of the
aforementioned vehicle allowing Mr. Wilson to exit the vehicle as witnessed by your deponent,
Sgt Castelli."
At a jury trial, the prosecutor, in his opening statement, told the jury that defendant had
committed the crime of obstructing governmental administration in the second degree by opening
the police vehicle and permitting "a prisoner, . . . her son, who had just been arrested for
menacing a police officer with a knife," to temporarily escape police custody. Consequently, the
prosecution was confined to proving its theory of reasonable cause to arrest defendant's son as
limited in the accusatory instrument and in their opening statement (see People v Barnes,
50 NY2d 375, 379 n 3 [1980] ["the prosecution in this case expressly limited its theory . . . , and,
having done so, this court is obliged to hold the prosecution to this narrower theory alone"];
People v Peterson, 190 AD3d 769, 770 [2021] [" 'Where the prosecution is limited by the
[*2]indictment or bill of particulars to a certain theory or theories,
the court must hold the prosecution to such narrower theory or theories' "], quoting People v Vasquez, 161 AD3d 902,
902 [2018]; People v Perlstein, 97 AD2d 482, 484 [1983]). This is so because, otherwise,
it would be "impossible for an appellate court reviewing a general verdict to ascertain on which
theory the jury convicted the defendant or whether the jury was unanimous with respect to the
theory actually charged in that count" (People v Graves, 136 AD3d 1347, 1348-1349 [2016]).
According to the trial evidence, in the late evening hours of June 23, 2016, defendant called
911 because her adult son had taken her vehicle without her permission. Suffolk County Police
Officer Csoka arrived at defendant's home, and a short time later he radioed for assistance.
Officer Csoka did not testify at the trial, but Officer Appel, the first assisting officer to arrive,
did. He testified that Officer Csoka let him into defendant's home and informed him that
defendant's son had already returned home with her vehicle. When the officers entered her son's
bedroom, he was sitting on his bed while holding a pocketknife pointed in their direction. Officer
Appel ordered him to drop the knife, which he did immediately.
The officers then handcuffed and arrested defendant's son on a charge of menacing Officer
Csoka with his pocketknife. Officer Appel described him as combative and resisting arrest.
Defendant, too, was yelling at the officers as they, assisted by a third officer who arrived after
Officer Appel, carried her son out of her home and placed him in a police vehicle. Before the
vehicle could exit the scene, however, defendant pulled the handle of the back door, which
allowed her son to escape the vehicle, though he was recaptured within a few seconds. Defendant
was arrested and charged with obstructing governmental administration in the second degree for
attempting to thwart the officers' arrest of her son.
"A defendant cannot be convicted of obstructing governmental administration for interfering
with an officer in the performance of an official function unless it be proved that the official
function was an authorized one. When the official function involved is an arrest, it must be
shown that the arrest was authorized" (People v Vogel, 116 Misc 2d 332, 332-333 [App
Term, 2d Dept, 9th & 10th Jud Dists 1982] [citations omitted]; see People v
Cacsere, 185 Misc 2d 92, 93-94 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]). In
addressing the question of whether the arrest of defendant's son "was authorized, . . . [t]he
standard of review in this context is . . . [whether] there was probable cause to arrest him for that
offense" (People v Feliciano, 53
Misc 3d 131[A], 2016 NY Slip Op 51374[U], *2 [App Term, 2d Dept, 9th & 10th Jud
Dists 2016]; see Matter of Marlon
C., 139 AD3d 941, 942 [2016]).
There was no trial evidence establishing that the events transpiring between defendant's son
and Officer Csoka prior to Officer Appel's arrival formed the basis for his authorized arrest. That
defendant's son was already holding a pocketknife as the officers entered his room, alone, does
not constitute reasonable cause to arrest him for menacing a police officer. Officer Appel's trial
admissions that defendant's son remained seated on his bed, did not advance toward the officers,
did not make any verbal threats, and dropped the knife immediately upon Officer Appel's order to
do so further demonstrate the officers' lack of reasonable cause to believe that Officer Csoka was
menaced by defendant's son, i.e., "intentionally placed . . . in reasonable fear of physical injury"
(Penal Law § 120.18; see People v Maldonado, 86 NY2d 631, 635 [1995]
["Reasonable cause means probable cause"]). Consequently, the People failed to establish that
the official function, i.e., the arrest, was authorized. Absent such proof, the conviction of [*3]obstructing governmental administration in the second degree
cannot stand.
In view of the foregoing, we do not pass upon any other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument
is dismissed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2021