Matter of Gabriel G.

2026 NY Slip Op 02403

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gabriel G. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-12328, (Docket No. D-14125-14)

Mark C. Dillon, J.P.

Deborah A. Dowling

Carl J. Landicino

James P. McCormack, JJ.

Christian P. Myrill, Jamaica, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Chloé K. Moon of counsel), for respondent.

[*1]

DECISION & ORDER

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Gabriel G. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated August 13, 2024. The order of disposition, upon an order of fact-finding of the Supreme Court, Kings County (Craig S. Walker, J.), dated June 28, 2024, made upon the admission of Gabriel G., finding that he committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree, after a dispositional hearing, adjudicated him a juvenile delinquent and conditionally discharged him for a period of 12 months. The appeal brings up for review the denial of Gabriel G.'s motion to dismiss the indictment on the grounds that he was denied his constitutional right to due process by an unreasonable delay in prosecution and his statutory right to a speedy trial.

ORDERED that the appeal from so much of the order of disposition as conditionally discharged Gabriel G. for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as conditionally discharged Gabriel G. for a period of 12 months must be dismissed as academic, as the period of conditional discharge has expired (see Matter of Adonis J.W., 238 AD3d 775, 776; Matter of Marlon C., 139 AD3d 941, 941). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the denial of Gabriel G.'s motion to dismiss the indictment on the grounds that he was denied his constitutional right to due process by an unreasonable delay in prosecution and his statutory right to a speedy trial is not academic (see Matter of Adonis J.W., 238 AD3d at 776; see Matter of Marlon C., 139 AD3d at 941).

This matter arises from Gabriel G.'s theft of a cell phone on September 16, 2022, when he was 14 years old. Three days after the theft, on September 19, 2022, the victim identified Gabriel G. in a photo array. Gabriel G. was arrested five months later, on February 18, 2023. On February 20, 2023, Gabriel G. was arraigned in the Supreme Court on crimes arising out of the theft [*2]and was thereafter indicted on charges of robbery in the second degree, robbery in the third degree, and assault in the third degree, among others. On July 26, 2023, the People served and filed a certificate of compliance with discovery, announcing readiness for trial (hereinafter the initial COC). On September 1, 2023, the People filed a supplemental certificate of compliance indicating that they had additionally disclosed previously undisclosed photographs and again announcing readiness for trial (hereinafter the supplemental COC).

By notice of motion dated October 24, 2023, Gabriel G. moved in the Supreme Court to dismiss the indictment on the grounds that he was denied his constitutional right to due process by the five-month delay between his commission of the underlying offense on September 16, 2022, and his arrest on February 18, 2023, and his statutory right to a speedy trial. In an order dated February 21, 2024, the Supreme Court denied Gabriel G.'s motion. Subsequently, Gabriel G. made an admission to robbery in the third degree (Penal Law § 160.05), and the matter was removed to the Family Court for disposition. In an order of disposition dated August 13, 2024, the Family Court adjudicated Gabriel G. a juvenile delinquent and conditionally discharged him for a period of 12 months. Gabriel G. appeals.

"'By statute and constitutional law, New York guarantees criminal defendants the right to a speedy trial and prompt prosecution'" (People v Grant, ___ AD3d ___, ___, 2026 NY Slip Op 00910, *3, quoting People v Regan, 39 NY3d 459, 464; see NY Const, art I, § 6; CPL 30.20, 30.30). "This right necessarily prohibits unreasonable pre-indictment delay" (People v Tyson, ___ NY3d ___, ___, 2026 NY Slip Op 01446, *1). "[A] deprivation of the defendant's right to a prompt prosecution may require dismissal of an indictment 'even though, in the interim, [the] defendant was not formally accused, restrained or incarcerated for the offense'" (People v Grant, ___ AD3d at ___, 2026 NY Slip Op 00910, *3 [internal quotation marks omitted], quoting People v Regan, 39 NY3d at 464-465). "'The due process right to a speedy trial extends to respondents in juvenile delinquency proceedings'" (Matter of Adonis J.W., 238 AD3d at 776, quoting Matter of Isaiah L., 169 AD3d 907, 908; see Matter of Benjamin L., 92 NY2d 660, 667). Due process claims predicated on a pre-indictment delay in both criminal and juvenile delinquency proceedings are analyzed by weighing the five factors set forth in People v Taranovich: "'(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay'" (People v Tyson, ___ NY3d at ___, 2026 NY Slip Op 01446, *1, quoting People v Taranovich, 37 NY2d 442, 445; see Matter of Benjamin L., 92 NY2d at 668-669). "When applying this balancing test [to juvenile proceedings], 'courts must remain acutely cognizant of the goals, character and unique nature of juvenile proceedings'" (Matter of Isaiah L., 169 AD3d at 908, quoting Matter of Benjamin L., 92 NY2d at 668; see Matter of Adonis J.W., 238 AD3d at 777).

Here, weighing the relevant factors, Gabriel G. was not denied due process by the five-month delay between his commission of the underlying offense on September 16, 2022, and his arrest on February 18, 2023 (see People v Jones, 187 AD3d 934; Matter of Dayshawn S., 122 AD3d 748; People v Chance, 105 AD3d 758; see also Matter of Daquan W., 233 AD3d 526; cf. Matter of Adonis J.W., 238 AD3d at 776; Matter of Isaiah L., 169 AD3d at 907).

CPL 30.30(1)(a) requires the People to be ready for trial within six months of the commencement of a criminal action in felony cases (see People v Gonzalez, 244 AD3d 1229, 1229). Here, contrary to Gabriel G.'s contention, the initial COC was valid. The record demonstrates that the People exercised due diligence and made reasonable inquires prior to filing the initial COC despite the belated or missing disclosures, as extensive documents and disclosures were provided to Gabriel G. with the initial COC, and the additional disclosures accompanying the supplemental COC were minimal and made in good faith and were voluntarily provided to Gabriel G. once the People were made aware that certain materials had not been previously disclosed (see id. at 1230; People v Macaluso, 230 AD3d 1158, 1160). Furthermore, contrary to Gabriel G.'s contention, the period of time between the filing of the subject motion on October 24, 2023, and the Supreme Court's order on February 21, 2024, is properly excludable for statutory speedy trial purposes (see CPL 30.30[4][a]; People v Sheard, 236 AD3d 826, 827).

Accordingly, Gabriel G.'s motion to dismiss the indictment on the grounds that he was denied his constitutional right to due process by the five-month delay between his commission of the underlying offense on September 16, 2022, and his arrest on February 18, 2023, and his statutory right to a speedy trial was properly denied.

Gabriel G.'s remaining contention is without merit.

DILLON, J.P., DOWLING, LANDICINO and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court