■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL MORGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 4, 1988, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and sentencing him to two concurrent indeterminate terms of 25 years to life imprisonment for murder in the second degree, and to an indeterminate term of 12½ to 25 years imprisonment for robbery in the first degree to run consecutively to the terms of imprisonment imposed for murder in the second degree.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed for murder in the second degree shall be served concurrently with the term of imprisonment imposed for the robbery in the first degree; as so modified, the judgment is affirmed.

The defendant contends in his supplemental *pro se* brief that the trial court erred when it refused to deliver a "missing witness charge" to the jury based on the People's failure to call a certain witness. We find that the court properly declined to deliver such a charge because the police were unaware of the witness's whereabouts at the time of the trial despite their reasonable efforts to locate him. Hence, the witness was not "available to" the People *(see, People v Gonzalez,* 68 NY2d 424, 427-428).

Contrary to the defendant's contentions, the trial court properly admitted into evidence two photographs of the deceased at the scene of the crime. These photographs had probative value in that they showed that the victim's gun was in its holster at the time of death (thereby demonstrating that he was not shot in self-defense) and they corroborated and illustrated the trial testimony *(see, People v Stevens,* 76 NY2d 833, 835; *People v Pride,* 173 AD2d 651).

The sentencing court erred in directing that the term of imprisonment imposed for robbery in the first degree should run consecutively to the term of imprisonment imposed for felony murder *(see,* Penal Law § 70.25 [2]; *People v Jones,* 69 AD2d 824). Under the facts of this case, the sentencing court also erred in directing that the term of imprisonment imposed

for robbery in the first degree should run consecutively to the term of imprisonment imposed for intentional murder, since the robbery was not completed until after the victim had been shot four times and, therefore, these convictions were essentially based upon the same acts *(see, People v Esquilin,* 159 AD2d 632, 634).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are unpreserved for appellate review, without merit, or do not warrant reversal of the judgment of conviction. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.