■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FOUST, Appellant. [597 NYS2d 149] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered May 4, 1989, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of a gunpoint robbery of a Brooklyn clothing store. On appeal, he argues that the court erred in refusing to give a missing witness charge as to a store employee who was present during the crime. However, the People demonstrated that despite their diligent efforts, they were unable to locate this witness. Since the witness was unavailable, the charge was properly denied (see, People v Gonzalez, 68 NY2d 424; People v Morgan, 177 AD2d 655). Moreover, any error in this regard would be harmless in light of the overwhelming evidence of the defendant's guilt, which included strong identification testimony from the store proprietor, fingerprints found on the cash box which matched those of the defendant, and the fact that when arrested, the defendant was wearing a jacket taken from the store.

Contrary to the defendant's further contention, the court did not violate his constitutional right to consult with counsel when it directed him not to confer with his attorney during the lunchbreak taken during his cross-examination (see, Perry v Leeke, 488 US 272; People v Schiliro, 179 AD2d 693; People v Enrique, 165 AD2d 13, affd 80 NY2d 869).

Nor was the defense counsel's assistance ineffective due to his failure to call a fingerprint expert to testify that the prints found at the scene were not the defendant's. It appears that counsel may have been unable to find an expert who could effectively rebut the evidence offered by the People. The record otherwise demonstrates that counsel provided meaningful representantion (see, People v Rivera, 71 NY2d 705; People v Baldi, 54 NY2d 137).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.