■ In the Matter of CHARLENE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [625 NYS2d 243] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Cooney, J.), dated October 8, 1993, which, upon a fact-finding order of the same court, dated June 11, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of one year. The appeal brings up for review the fact-finding order dated June 11, 1993, and so much of an order dated May 5, 1993, as denied her motion to dismiss the petition.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly permitted the presentment agency to amend the petition. Family Court Act § 311.5 (1) expressly allows for such amendments to correct defects or errors, *inter alia,* with

respect to the place where the alleged delinquent conduct occurred when the amendment does not tend to prejudice the juvenile on the merits. In the instant case, the petition provided the street location of the incident but, due to a clerical error, omitted more general information as to location. However, the supporting papers which accompanied the petition did set forth this information, the presentment agency promptly moved to amend the petition to correct the omission, and the appellant clearly was not prejudiced on the merits as a result of the amendment. Accordingly, we discern no improvident exercise of the Family Court's discretion in granting the application to amend.

Furthermore, the Family Court acted properly in denying the appellant's motion to dismiss the petition as amended. The petition was sufficient on its face and was adequately supported by nonhearsay allegations in the form of a supporting deposition of the complainant which set forth every element of each crime charged and the appellant's commission thereof (see, Family Ct Act § 311.2). We find unpersuasive the appellant's contention that this supporting deposition is unsworn and therefore invalid. The document contains a signed statement by the complainant attesting to the truth of her deposition, and it was verified by a Yonkers Police Department Investigator (see, CPL 100.30 [1] [b]). In any event, even if the foregoing method of verification was inadequate, the deposition clearly complied with CPL 100.30 (1) (d), which provides that valid verification of a supporting deposition may be accomplished by the inclusion of a notice in the signed deposition that false statements made therein are punishable as a class A misdemeanor pursuant to Penal Law § 210.45. Indeed, the deposition signed by the complainant herein expressly recites that "The making of False Statements in this Instrument is Punishable as a Class A Misdemeanor Pursuant to Section 210.45 of The Penal Law". The appellant's claim that this "punishability notice" was ineffective because the complainant, as a juvenile herself, could not be prosecuted under Penal Law § 210.45, is without merit. It is clear that despite her tender age, the complainant would be subject to punishment as a juvenile delinquent in the event that she committed an act which, if committed by an adult, would constitute the crime of making a punishable false written statement under Penal Law § 210.45 (see, Family Ct Act § 301.2 [1]). Accordingly, the appellant's challenge to the validity of the supporting deposition is unavailing.

We have considered the appellant's remaining contentions

and find them to be without merit *(see, People v Poole,* 48 NY2d 144; *People v Billups,* 201 AD2d 740; *People v Julian,* 41 NY2d 340; *People v White,* 40 NY2d 797; Family Ct Act § 350.1 [2]; *Matter of Roshon P.,* 182 AD2d 346). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.