■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE FOSTER, Appellant. [652 NYS2d 620] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered December 19, 1994, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of 25 years to life imprisonment on the convictions of murder in the second degree, an indeterminate term of $12^1/2$ to 25 years imprisonment on the conviction of attempted murder in the second degree to run consecutively to the sentences imposed on the convictions of murder in the second degree, and indeterminate terms of 5 to 15 years imprisonment on the convictions of criminal possession of a weapon in the second degree to run concurrently with each other but consecutively to the sentences imposed for his convictions of murder in the second degree and attempted murder in the second degree.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed upon the conviction of attempted

murder in the second degree from $12\frac{1}{2}$ to 25 years imprisonment to $8\frac{1}{3}$ to 25 years imprisonment, and by providing that the sentence imposed for criminal possession of a weapon in the second degree under count five of the indictment shall run concurrently with the terms of imprisonment imposed for murder in the second degree and attempted murder in the second degree; as so modified, the judgment is affirmed.

The court did not improvidently exercise its discretion by granting the People's motion to consolidate the indictments (see, CPL 200.20 [2] [b], [c]; People v Lane, 56 NY2d 1; People v Asher, 216 AD2d 309). The defendant did not establish that he was prejudiced by consolidation or that he had important testimony to give on the first incident, and did not convincingly demonstrate a strong need to refrain from testifying as to the second incident.

Nor did the court err by declining to provide a missing-witness charge, since the People established that despite their diligent efforts to locate the witness who did not testify, the witness was unavailable (see, People v Foust, 192 AD2d 718; People v Morris, 140 AD2d 551, 552; People v Morgan, 177 AD2d 655).

The court, however, erred in imposing a sentence of $12\frac{1}{2}$ to 25 years imprisonment for the conviction of attempted murder in the second degree. Attempted murder is not an armed felony offense and the defendant was a first felony offender (see, Penal Law §§ 110.00, 125.25; CPL 1.20 [41]). Pursuant to Penal Law § 70.02 (1) (a), an attempt to commit murder in the second degree as defined in Penal Law § 125.25 constitutes a class B violent felony offense. Prior to being amended in 1995 (see, L 1995, ch 3, § 4), Penal Law § 70.02 (4) provided that the minimum term of imprisonment for a violent felony offense was one-third of the maximum term of imprisonment. Therefore, the minimum term of the sentence should be reduced from $12\frac{1}{2}$ to $8\frac{1}{3}$ years imprisonment (see, People v Pride, 173 AD2d 651, 652). Furthermore, the sentence imposed for criminal possession of a weapon in the second degree under count five should run concurrently with the sentences imposed for the murder and attempted murder convictions. The "mere fact that the defendant possessed the gun immediately prior" to the shooting of the two victims "does not establish sufficient proof of a separate and distinct act to justify the imposition of consecutive sentences" (People v Velez, 206 AD2d 554, 555). As so modified, the defendant's sentence is not excessive.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.