■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO RIVERA, Appellant. [672 NYS2d 32] —Judgment, Su-

preme Court, Bronx County (Robert Cohen, J.), rendered June 16, 1995, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

The court correctly found that defendant was not entitled to a missing witness charge with respect to one of the three eyewitnesses to the robbery, because the uncalled witness was unavailable and because his testimony would have been cumulative. Since this witness identified defendant from a photo array and at a lineup and the same procedures were employed as with the other two eyewitnesses, one of whom identified defendant from the photo array, and both of whom unequivocally identified defendant from the lineup, it is apparent that the uncalled witness's testimony would have been entirely consistent with the other witnesses, and thus, cumulative (*see, People v Aquino*, 202 AD2d 261, *lv denied* 83 NY2d 963). Furthermore, the uncalled witness was unavailable. The record demonstrates that the prosecution sufficiently documented its diligent efforts to locate the witness through trips to his home, telephone calls, and delivery of subpoenas. In any event, even assuming the court erred in denying defendant's request for a missing witness charge, given the overwhelming evidence of defendant's guilt, the error would have been harmless (*see, People v Brown*, 183 AD2d 569, 570, *lv denied* 80 NY2d 901). We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.