■ In the Matter of SOCRATES C., a Person Alleged to be a Juvenile Delinquent, Appellant. [674 NYS2d 321] —Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about July 14, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant had committed acts, which if committed by an adult would constitute criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal sale of controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree, and placed him with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

While the signature of the undercover officer on his deposition was illegible, this did not render the petition jurisdictionally defective since the identity of the undercover officer was clearly indicated by his shield number, and because his "signature" beneath the Penal Law § 210.45 form notice was notarized (*see*, CPL 100.30 [1] [e]; *Matter of Charlene D.*, 214 AD2d 561, 562, *lv denied* 86 NY2d 705). The statements relating to the chain of custody of the cocaine recovered by the officers are regarded as made upon personal knowledge since they were not stated as having been made upon information and belief (CPLR 3023; *Matter of Deshone C.*, 207 AD2d 756, 757-758, *lv denied* 85 NY2d 801), and even if later found to have been hearsay, would have constituted only latent defects in the petition and would not have been a ground for mandatory dis-

missal (*Matter of Edward B.*, 80 NY2d 458, 465). The petition and supporting depositions taken together clearly connected appellant to the mailbox from which the scale and additional drugs were recovered (*Matter of Deshone C., supra,* at 757). Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.