■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO MARINO, Appellant. [800 NYS2d 439]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 13, 2003, convicting him of burglary in the second degree, criminal contempt in the first degree, criminal contempt in the second degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

At trial, the People offered into evidence an audiotape of two 911 calls placed by the distraught and at times hysterically sobbing complainant, who did not testify at the trial, describing two consecutive break-ins of her home by her ex-boyfriend, against whom she had an order of protection. One of the 911 operators requested and obtained a description of the assailant, but otherwise the operators only asked the complainant to elaborate on or repeat information she had already volunteered. The People also offered into evidence, inter alia, the crying complainant's hysterical statements to the responding officer who arrived on the scene shortly after the second 911 call.

Contrary to the defendant's contention, the 911 tape was properly admitted under the excited utterance (*see People v Edwards*, 47 NY2d 493, 497 [1979]) and present sense impression (*see People v Brown*, 80 NY2d 729 [1993]) exceptions to the hearsay rule. The complainant's statements to the responding officer were properly admitted as excited utterances (*see People v Edwards, supra*).

Furthermore, having failed to object with sufficient specificity that the admission of the 911 tape violated his Sixth Amendment right to confront witnesses against him (*see Crawford v Washington*, 541 US 36 [2004]), the defendant failed to preserve this issue for appellate review (*see People v Bones*, 17 AD3d 689 [2005]; *People v Mack*, 14 AD3d 517 [2005], *lv denied* 4 NY3d 833 [2005]; *People v Moreno*, 303 AD2d 424 [2003]).

In any event, admission of the complainant's statements to the 911 operators did not violate the defendant's right to confrontation because they were not testimonial (*see Crawford v Washington, supra; People v Coleman*, 16 AD3d 254 [2005]; *People v Mackey*, 5 Misc 3d 709 [2004]; *People v Conyers*, 4 Misc 3d 346 [2004]; *People v Moscat*, 3 Misc 3d 739 [2004]; *Mungo v Duncan*, 393 F3d 327, 336 n 9 [2004], *cert denied Mungo v Greene*, — US —, 125 S Ct 1936, 161 L Ed 2d 778 [2005]; *compare People v Cortes*, 4 Misc 3d 575 [2004]).

The defendant's claim that the prosecutor impermissibly blurred the distinction between two elements of burglary is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hill*, 302 AD2d 406, 407 [2003]; *People v Fenderson*, 203 AD2d 585, 586 [1994]). In any event, the prosecutor erroneously argued during summation that the defendant committed the crime of burglary in the second degree by entering the complainant's home in violation of an order of protection with the intent to violate the order of protection (*see* Penal Law § 140.25; *People v Gaines*, 74 NY2d 358, 362 [1989]). Yet, the prosecutor also proffered the alternate, permissible theory that the defendant entered the complainant's home in violation of an order of protection with the intent to assault the complainant. Since the fact-finder in this nonjury trial was the court, there is no danger that the defendant's conviction rests upon the prosecutor's fallacious summation argument (*see People v Moreno*, 70 NY2d 403, 406 [1987]; *People v Brown*, 24 NY2d 168, 172 [1969]).

The defendant's claim that the court violated his state and federal rights to confrontation by improperly curtailing his cross-examination of the complainant's son is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Goodson*, 57 NY2d 828, 831 [1982]; *People v Rhodes*, 11 AD3d 487, 487-488 [2004]; *People v Fernandez*, 280 AD2d 680, 680-681 [2001]; *People v Odiot*, 242 AD2d 308, 308-309 [1997]; *People v Dunbar*, 145 AD2d 501, 501-502 [1988]) and, in any event, is without merit. The majority of the sustained objections to the cross-examination of the complainant's son were objections to form, rather than substance. The defendant's substantive cross-examination was not interfered with.

The defendant's contention that the trial court excessively interfered in his examination of witnesses and expressed a prosecution bias is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Prado*, 1 AD3d 533 [2003], *affd* 4 NY3d 725 [2004]; *People v Charleston*, 56 NY2d 886, 887 [1982]; *People v Smalls*, 293 AD2d 500, 500-501 [2002]). In any event, the trial court's intervention was appropriate and did not deprive the defendant of a fair trial. It appropriately clarified the issues, precluded unnecessarily repetitive examination, and "ensure[d] the orderly and expeditious progress of the trial" (*People v Prado, supra* at 535; *see People v Arnold*, 98 NY2d 63, 67 [2002]).

Contrary to the defendant's contention, the trial court properly denied his request for a missing witness charge with respect to the complainant. The court's determination that she was not under the People's control is supported by evidence of her adamant refusal to divulge her whereabouts or testify at the

trial, despite the People's diligent efforts to locate her and compel her to do so (*see People v Bryant*, 11 AD3d 630, 631 [2004]; *People v Porter*, 268 AD2d 538 [2000]; *People v Foster*, 235 AD2d 490 [1997]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.