■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD GALLARDO, Appellant. [873 NYS2d 106]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered April 24, 2007, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in declining to give a missing witness instruction to the jury (*see People v Savinon*, 100 NY2d 192, 196 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]). Contrary to the defendant's contentions, the witness's testimony would have been cumulative (*see People v Rivera*, 249 AD2d 141 [1998]; *People v Tate*, 199 AD2d 291 [1993]), and the People demonstrated that they made diligent efforts to find the witness, but could not locate her (*see People v Williams*, 47 AD3d 854 [2008]; *People v Lubrano*, 43 AD3d 829 [2007]; *People v Rivera*, 249 AD2d 141 [1998]; *People v Skaar*, 225 AD2d 824 [1996]; *People v Aguirre*, 201 AD2d 485 [1994]).

The trial court's instructions regarding the defense of justification (*see* Penal Law § 35.15) were properly focused on the charges related to the second victim, and provided the jury with the correct rules to be applied in arriving at its verdict (*see People v Ladd*, 89 NY2d 893, 895 [1996]). The court need not marshal the evidence except to the extent necessary to explain the application of the law to the facts of the case, and is not required to explain all the contentions of the parties or outline all the inconsistencies in the evidence (*see* CPL 300.10 [2]; *People v Saunders*, 64 NY2d 665, 667 [1984]). Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.