THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROOKS, Appellant. [878 NYS2d 730]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 7, 2007, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life, unanimously affirmed.

The trial court properly denied defendant's request for a missing witness charge with respect to the victim's cousin, an eyewitness to the shooting. Contrary to defendant's contention, the prosecution established that it made diligent but unsuccessful efforts to obtain the witness's testimony, in that detectives spoke to the witness to urge him to cooperate, made trips to his home, and delivered subpoenas (*see People v Rivera*, 249 AD2d 141 [1998], *lv denied* 92 NY2d 904 [1998]; *see also People v Savinon*, 100 NY2d 192, 198-200 [2003]). The People clearly established that their reasons for failing to call the witness were not strategic, and that they did not "merely go through the motions of asking [the] witness to testify," with the "ulterior goal of keeping the witness off the stand" (*id.* at 200). Defendant's related claim regarding the prosecutor's summation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

The court properly admitted evidence of defendant's gang membership as probative of motive since it provided an explanation as to why defendant would harass and shoot the victim, a member of a rival gang (*see e.g. People v Wilson*, 14 AD3d 463 [2005], *lv denied* 4 NY3d 857 [2005]). Regardless of how the court may have characterized its ruling, the connection between

this evidence and the issue of motive is reflected in the People's application to admit the evidence, in the trial testimony, and in the court's jury instruction.

The court also properly admitted evidence of four incidents of defendant's uncharged possession of a pistol resembling the weapon used in this crime. In three of these incidents, defendant displayed the weapon in the presence of the victim. In addition to linking defendant to the crime by showing he possessed the same type of weapon (*see People v Marte*, 7 AD3d 405, 407 [2004], *lv denied* 3 NY3d 677 [2004]), this evidence also completed the narrative of events leading up to the shooting, explained the contentious relationship between defendant and the victim, and was probative of motive and intent (*see e.g. People v Rochez*, 289 AD2d 63 [2001], *lv denied* 97 NY2d 733 [2002]). Accordingly, we do not find that the number of incidents or the level of detail elicited was excessive. The court correctly weighed the probative value of the evidence against its prejudicial effect and minimized any prejudice by giving appropriate limiting instructions. Defendant has not shown that he was prejudiced by the timing of those instructions (*see People v Thomas*, 26 AD3d 241 [2006], *lv denied* 6 NY3d 898 [2006]). Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.