■ In the Matter of MICHALE A.C., a Person Alleged to be a Juvenile Delinquent, Appellant. [900 NYS2d 655]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Kelly, J.), dated June 25, 2009, which, upon a finding of the same court dated June 15, 2009, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of burglary in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793

[1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of burglary in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's remaining contention is without merit. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.