■ In the Matter of DAYSHAWN S., a Person Alleged to be a Juvenile Delinquent, Appellant. [995 NYS2d 614]—

Appeal from an order of disposition of the Family Court, Kings County (Michael A. Ambrosio, J.), dated January 18, 2013. The order of disposition adjudicated the appellant a juvenile delinquent, upon a finding, made after a hearing, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted sexual misconduct, attempted criminal sexual act in the third degree, attempted criminal sexual act in the first degree, sexual misconduct, criminal sexual act in the third degree, criminal sexual act in the first degree, sexual abuse in the third degree, and sexual abuse in the first degree and placed him on probation for a period of 18 months. The appeal brings up for review a fact-finding order of that court dated September 11, 2012, and the denial of the appellant's motion to dismiss the petition and to suppress physical evidence.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, he was not deprived of his right to due process because of an unreasonable delay in prosecution (*see Matter of Benjamin L.*, 92 NY2d 660 [1999]; *People v Taranovich*, 37 NY2d 442, 447 [1975]; *People v Gathers*, 65 AD3d 704 [2009]; *People v Cesar*, 6 AD3d 547 [2004]).

Further, when read in its entirety, the petition, including the supporting depositions, contained nonhearsay allegations which, if true, established every element of the charged crimes and the appellant's commission thereof (*see* Family Ct Act § 311.2 [3]; *Matter of Joel C.*, 70 AD3d 936, 937 [2010]; *Matter of Andre S.*, 51 AD3d 1030, 1032 [2008]).

The Family Court did not err in failing to suppress a buccal swab and the DNA evidence developed therefrom. The appellant's mother was notified approximately 24 hours prior to the administration of the buccal swab. Further, the appellant and his mother voluntarily appeared for the buccal swab. Significantly, the appellant does not challenge that the presentment agency established probable cause to obtain the buccal swab for the purpose of DNA testing (*see Matter of Abe A.*, 56 NY2d 288, 291 [1982]). Accordingly, under the particular circumstances of this case, reversal is not required (*cf. People v Walker*, 117 AD3d 1094 [2014] [police arrived unannounced at the defendant's residence and demanded his DNA]; *People v Fomby*, 103 AD3d 28, 29 [2012] [the buccal swab was administered on the same day that the warrant was issued]; *People v Smith*, 95 AD3d 21, 24 [2012] [the police approached the defendant on a street, handcuffed him, and transported him to the police station for the purpose of obtaining a buccal swab; when the defendant refused to open his mouth to allow the officers to obtain the buccal swab, the police applied a taser to the defendant's bare skin for several seconds, after which they were able to obtain the sample]).

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see Matter of George R.*, 104 AD3d 949 [2013]; *Matter of Danasia Mc.*, 94 AD3d 1122, 1123 [2012]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the subject crimes. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference

to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Charles S.*, 41 AD3d 484, 486 [2007]; *cf. People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.