■ In the Matter of AREL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [26 NYS3d 290]—

Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated November 21, 2014. The order adjudicated Arel J. a juvenile delinquent and placed him on probation for a period of seven months. The appeal brings up for review a fact-finding order of that court dated July 24, 2014, which, after a hearing, found that Arel J. committed acts which, if committed by an adult, would have constituted the crime of attempted criminal trespass in the second degree.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of seven months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

While standing on the roof of a parking garage located adjacent to a seven-story multi-unit apartment building (hereinafter the subject building), the appellant allegedly attempted to open the window of a second-floor apartment from the outside. The appellant was arrested and charged with, inter alia, committing acts which, if committed by an adult, would have constituted the crime of attempted criminal

trespass in the second degree. A fact-finding hearing was conducted, and at the close of the presentment agency's case, the appellant moved to dismiss the petition, contending that the presentment agency had failed to make a prima facie case. The Family Court denied the appellant's motion to dismiss. The appellant then moved for a missing witness inference with respect to a porter who worked in, and two tenants who lived in, the subject building, all of whom did not testify at the hearing. The Family Court denied that branch of the appellant's motion which was for a missing witness inference as to the tenants, and granted that branch of the appellant's motion which was for a missing witness inference as to the building porter. Thereafter, the court determined that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted criminal trespass in the second degree. The appellant was adjudicated a juvenile delinquent and placed on probation for a period of seven months.

The appellant contends that the evidence was legally insufficient to prove that he attempted to open a window of the subject building or, if he did, that he did not have a privilege or license to enter it. The appellant's challenge to the legal sufficiency of the evidence establishing that he attempted to open a window of the subject building is unpreserved for appellate review (see Matter of Brandon V., 133 AD3d 769 [2015]; Matter of Myron J., 123 AD3d 1030, 1031 [2014]). In any event, the defendant's contentions are without merit. Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Dayshawn S., 122 AD3d 748, 749 [2014]), we find that there was legally sufficient evidence to prove that the appellant was attempting to open a window of the subject building and that he did not have a license or privilege to enter the building (see Matter of Lonique M., 93 AD3d 203, 207 [2012]; People v Thornton, 4 AD3d 561 [2004]; People v Battle, 202 AD2d 1045 [1994]; People v Quinones, 173 AD3d 395, 396 [1991]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Dayshawn S., 122 AD3d at 749; Matter of Michale A.C., 73 AD3d 1042, 1043 [2010]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Hasan C., 59 AD3d 617, 617-618 [2009]; cf. People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon

our review of the record, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

The Family Court providently exercised its discretion in denying the appellant's request for a missing witness inference as to the tenants of the subject building because the appellant failed to demonstrate that the witnesses were available to the presentment agency to testify at the fact-finding hearing (*see People v Savinon*, 100 NY2d 192, 199 [2003]; *People v Brooks*, 62 AD3d 511, 511 [2009]; *People v Rivera*, 249 AD2d 141, 142 [1998]; *People v Willard*, 226 AD2d 1014, 1019 [1996]; *People v Morgan*, 177 AD2d 655 [1991]; *People v Cuffie*, 163 AD2d 485, 486-487 [1990]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.