■ In the Matter of TYRONE M., a Person Alleged to be a Juvenile Delinquent, Appellant. [30 NYS3d 313]—

Appeal from an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), entered July 7, 2015. The order found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted incest in the third degree and attempted sexual abuse in the third degree, adjudicated him a juvenile delinquent, and placed him under the care and custody of the Westchester County Department of Social Services for a period of 12 months, with the recommendation that he be placed at Eagleton School, Great Barrington, Massachusetts, with credit for time served in detention.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

For a juvenile delinquency petition, or a count thereof, to be sufficient on its face, "the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof" (*Matter of Matthew W.*, 48 AD3d 587, 588 [2008]; *see* Family Ct Act § 311.2 [3]; *Matter of Neftali D.*, 85 NY2d 631, 635 [1995]; *Matter of Shakeim C.*, 97 AD3d 675, 676 [2012]; *Matter of Steven C.*, 93 AD3d 91, 94 [2012]). "Such allegations must be set forth in the petition and/or the supporting depositions" (*Matter of Matthew W.*, 48 AD3d at 588; *see* Family Ct Act § 311.2 [3]; *Matter of Jahron S.*, 79 NY2d 632, 636 [1992]). "The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count" (*Matter of Matthew W.*, 48 AD3d at 588; *see Matter of Neftali D.*, 85 NY2d at 635). Here, contrary to the appellant's contention, the juvenile delinquency petition was facially sufficient. The alleged child victim's supporting deposition, which contained a recitation that false statements made therein were punishable as a misdemeanor, set forth allegations which, if true, were sufficient to establish the elements of the crimes of attempted incest in the third degree and attempted sexual abuse in the third degree and the appellant's commission thereof (*see Matter of Lamont D.*, 247 AD2d 615, 616 [1998]; *Matter of Kishana B.*, 243 AD2d 561 [1997]; *Matter of Charlene D.*, 214 AD2d 561, 562 [1995]; *Matter of Kerwin C.*, 207 AD2d 890, 891 [1994]). The fact that the child could not have been charged criminally or adjudicated a juvenile delinquent for

making a false statement did not render the petition or his supporting deposition facially insufficient (*see Matter of Nelson R.*, 90 NY2d 359 [1997]; *Matter of Jermaine G.*, 38 AD3d 105, 108 [2007]; *Matter of Ernst B.*, 177 Misc 2d 22 [Fam Ct, Monroe County 1998]). Accordingly, the appellant is not entitled to dismissal of the petition pursuant to Family Court Act § 315.1.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Dayshawn S.*, 122 AD3d 748, 749 [2014]), we find that there was legally sufficient evidence to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted incest in the third degree and attempted sexual abuse in the third degree (*see generally People v Mahboubian*, 74 NY2d 174, 190 [1989]; *People v Wiley*, 119 AD3d 821, 822 [2014]; *Matter of Jonathan F.*, 72 AD3d 963 [2010]; *Matter of Deshon A.*, 39 AD3d 338 [2007]; *Matter of Raymond M.*, 13 AD3d 377, 378 [2004]; *Matter of Christopher T.*, 287 AD2d 336, 336-337 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Dayshawn S.*, 122 AD3d at 749; *Matter of Michale A.C.*, 73 AD3d 1042, 1043 [2010]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel J.*, 136 AD3d 915 [2016]; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]). Specifically, contrary to the appellant's contention, the finding that he had the requisite intent for the acts charged was supported by the weight of the circumstantial evidence.

The appellant also challenges the Family Court's determination to place him in the custody of the Westchester County Department of Social Services. The Family Court has broad discretion in entering dispositional orders (*see Matter of Mark G.*, 131 AD3d 1057 [2015]; *Matter of Nysaiah L.*, 125 AD3d 777, 778 [2015]). In light of the nature of the appellant's conduct, the Department of Probation's recommendation, the recommendation found in one of the forensic mental health evaluation reports, the appellant's behavior while under the control of his mother, the continued presence of the victim in his household, and the appellant's school records, the Family

Court properly found that the "least restrictive [dispositional] alternative" was the subject placement of the appellant in the custody of the Westchester County Department of Social Services for a period of 12 months (Family Ct Act § 352.2 [2] [a]; *see Matter of Bruce B.*, 54 AD3d 1031, 1031-1032 [2008]; *Matter of Gustan G.*, 52 AD3d 513, 514 [2008]; *Matter of Donnell W.*, 36 AD3d 926 [2007]; *Matter of Pedro A.*, 34 AD3d 461 [2006]). Even though a second forensic mental health evaluation report recommended that the appellant be placed on probation and receive community-based treatment, " '[t]he Family Court is not bound to follow any recommendations submitted for its consideration' and may make its own determination based upon the materials and evidence before it" (*Matter of Jalen G.*, 104 AD3d 853, 854 [2013], quoting *Matter of Erika R.*, 55 AD3d 740, 741 [2008]). Accordingly, the Family Court properly balanced the appellant's needs with the need for the protection of the community.

The appellant's remaining contentions are without merit or do not require reversal. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.