People v Warren (2021 NY Slip Op 05736)





People v Warren


2021 NY Slip Op 05736


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2016-06936
 (Ind. No. 1909/11)

[*1]The People of the State of New York, respondent,
v
Charles Warren, appellant.


Patricia Pazner, New York, NY (Ronald Zapata of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Christopher Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered June 16, 2016, convicting him of burglary in the first degree, sexual abuse in the first degree (four counts), assault in the second degree (three counts), attempted robbery in the second degree, and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and to sever certain counts of the indictment.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by reducing the conviction of sexual abuse in the first degree under count 3 of the indictment to sexual abuse in the third degree, and vacating the sentence imposed thereon, and (2) by vacating the conviction of sexual abuse in the first degree under count 10 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of sexual abuse in the third degree.
The defendant contends that his conviction of sexual abuse in the first degree under count 3 of the indictment is based upon legally insufficient evidence. Although his contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15[6][a]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of sexual abuse in the first degree under count 3 of the indictment. A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact by forcible compulsion (see Penal Law § 130.65[1]). Here, the evidence adduced at trial established that no force separate from the contact itself was used to compel the contact alleged under count 3 of the indictment (see People v Mack, 18 NY3d 929, 932). However, the evidence presented did establish the crime of sexual abuse in the third degree, which requires only that the [*2]sexual contact occur without the victim's consent (see Penal Law § 130.55). Accordingly, we reduce the defendant's conviction of sexual abuse in the first degree under count 3 of the indictment to sexual abuse in the third degree, vacate the sentence imposed on that conviction, and remit the matter to the Supreme Court, Queens County, for the imposition of an authorized sentence for that offense (see CPL 470.15[2][a]; People v Sirno, 151 AD2d 621, 622).
Contrary to the People's contention, the defendant preserved for appellate review his claim that the counts of sexual abuse in the first degree, as charged in counts 9 and 10 of the indictment, are multiplicitous (see People v Jagdharry, 118 AD3d 722, 723). An indictment is multiplicitous when a single offense is charged in more than one count (see People v Alonzo, 16 NY3d 267, 269). Here, count 10 of the indictment is multiplicitous of count 9. Although the counts involved sexual contact to two distinct parts of the body, "there was 'but a single, uninterrupted occurrence of forcible compulsion'" (id. at 270, quoting People v Moffitt, 20 AD3d 687, 690). Accordingly, the Supreme Court should have dismissed count 10 as multiplicitous of count 9 of the indictment.
The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is without merit. Viewing the evidence in the light most favorable to the prosecution, we find that there was legally sufficient evidence to establish that the defendant lacked license or privilege to enter the subject premises (see Matter of Arel J., 136 AD3d 913, 914; Matter of Lonique M., 93 AD3d 203, 207; People v Thornton, 4 AD3d 561, 562). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the defendant's conviction of burglary in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant further contends that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence records of DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Walters, 172 AD3d 916, 917), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]).
The defendant's contention that he was deprived of a fair trial when the prosecutor made improper remarks during voir dire and summation is partially unpreserved for appellate review, as the defendant failed to make any objections during the People's summation (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, the prosecutor's remarks did not deprive the defendant of a fair trial (see People v Gurdon, 153 AD3d 1430, 1431; People v Dashosh, 59 AD3d 731, 731).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress lineup identification evidence (see People v Jackson, 98 NY2d 555, 559). Our review of the photographs of the lineups reveal that the lineup fillers possessed physical characteristics which were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup fillers and the defendant (see People v Smart, 142 AD3d 513, 514).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court